OPTICAL SUPPLIERS — PROHIBITED FROM ADVERTISING 59 O.S. 942 [59-942] — 59 O.S. 943 [59-943] (1961) prohibits optical suppliers from placing advertisements in any newspaper, telephone directory; or employing multiple or diverse listings; or employing boldface type listings in telephone directories; or soliciting the public in any manner; or employing or engaging a public relations firm or any agent for promotional purposes or representing or holding themselves out to the public to do any of the acts listed in said statutes. The Attorney General has received your letter dated January 19, 1971, wherein you ask the following question:
QUESTION:
Does 59 O.S. 942 [59-942] and 59 O.S. 943 [59-943] (1961) or any other state statute prohibit optical suppliers from placing advertisements in any newspaper, telephone directory; or employing multiple or diverse listings; or employing bold-face type listings in telephone directories; or soliciting the public in any manner; or employing or engaging a public relations firm or any agent for promotional purposes or representing or holding themselves out to the public to do any of the acts listed in 59 O.S. 942-942 [59-942-942] (1961)? ANALYSIS AND DISCUSSION: 59 O.S. 942 [59-942] (1961) provides as follows: "It shall be unlawful for any person, firm, corporation, company, or partnership not licensed. . .to fit, adjust, adapt, or in any manner apply lenses, frames, prisms, or any other optical appliances to the face of a person, or to duplicate or attempt to duplicate, or to place or replace into the frames, any lenses or other optical appliances which have been prescribed, fitted or adjusted to aid the human vision. . .except that persons licensed. . .may in a written prescription. . .authorize any optical supplier to interpret such prescription . . ." (Emphasis added) 59 O.S. 943 [59-943] (1961) provides as follows: "It shall be unlawful for any person, firm, company, corporation or partnership to solicit the sale of spectacles, eyeglasses, lenses, frames, mountings, prisms or any other optical appliances or devices, eye examinations or visual services, by radio, window display, television, telephone directory display advertisement or by any other means of advertising; or to use any other method or means of baiting, persuading, or enticing the public into buying spectacles, eyeglasses, lenses, frames, mountings, prisms, or other optical appliance for visual correction. . .nothing in this act shall prohibit the sale of ready-to-wear glasses equipped with convex-spherical lenses nor sunglasses equipped with plano lenses or industrial glasses and goggles with plano lenses used for industrial eye protection when sold as merchandise at any established place of business and where the selection of the glasses is at the discretion of the purchaser." It is noted that the constitutional validity of the foregoing statutes was upheld in Williamson v. Lee Optical of Oklahoma, 75 S.Ct. 461, 348 U.S. 483, 99 L.Ed. 673 (1955), rehearing denied 75 S.Ct. 657, 349 U.S. 925,99 L.Ed. 1256. In Williamson, the Court defined "optician" as "an artisan qualified to grind lenses, fill prescriptions, and fit frames," Williamson, supra, at Page 486. The Court clearly indicated that while opticians are subject to the act, sellers of ready-to-wear glasses are not so subject and such construction is not unconstitutional, Williamson, supra at Pages 488-489. The Court, at Page 490, established the optician's circumstance by saying: "An eyeglass frame, considered an isolation, is only a piece of merchandise. But an eyeglass frame is not used in isolation. . .it is used with lenses; and lenses, pertaining as they do to the human eye, enter the field of health. Therefore, the Legislature might conclude that to regulate one effectively, it would have to regulate the other. Or it might conclude that both the sellers of frames and | the sellers of lenses were in a business where advertising should be limited or even abolished in the public interest. . . The advertiser of frames may be using his ads to bring in customers who will buy lenses. If the advertisement of lenses is to be abolished or controlled, the advertisement of frames come under the same restraints . . . We see no constitutional reason why a state may not treat all who deal with the human eye as members of a profession who should use no merchandising methods of obtaining customers." (Emphasis added) The Supreme Court of the United States has therefore clearly and distinctly construed the foregoing statutes as authority to include the profession of optician. "An optical supplier", who is permitted to "interpret written prescriptions" pursuant to 942, is, for regulation purposes, an optician, pursuant to the definition of an optician as cited previously. OPINION: Based upon the foregoing analysis and discussion, it is the opinion of the Attorney General that your question be answered in the affirmative. An optical supplier, otherwise known as an optician, being clearly and distinctively subject to the provisions of 59 O.S. 942 [59-942] (1961), is therefore subject to the provisions of 59 O.S. 943 [59-943] (1961), which prohibit the optical supplier from placing advertisements in any newspaper or telephone directory, or employing multiple or diverse listings; or employing bold-face type listings in telephone directories; or soliciting the public in any manner; or employing or engaging a public relations firm or any agent for promotional purposes or representing or holding themselves out to the public to do any of the acts listed in said statutes. (Larry L. French)